**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| MARCO HUDSON, | No. 09-56994 |
| Plaintiff - Appellant, | D.C. No. 2:05-cv-08397-SJO-FFM |
| v. | |
| C. M. HARRISON, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted April 20, 2011[**]

Before:    RYMER, THOMAS, and PAEZ, Circuit Judges.

California state prisoner Marco Hudson appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging that defendants

violated his First Amendment and due process rights by sending back comic books

that were mailed to him without providing him notice.  We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo a district court's dismissal, *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138 (9th Cir. 2005), and decision regarding qualified immunity, *Beier v. City of Lewiston*, 354 F.3d 1058, 1064 (9th Cir. 2004). We review for an abuse of discretion the denial of leave to amend. *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). We affirm.

The district court properly dismissed Hudson's due process claim because it was barred by the release that he previously accepted. *See Marder v. Lopez*, 450 F.3d 445, 449, 453 (9th Cir. 2006) (discussing release of claims under California law and affirming dismissal of claims based upon release). Hudson's contentions that defendants breached the release are unpersuasive.

The district court properly dismissed Hudson's First Amendment claim without leave to amend after concluding that defendants were entitled to qualified immunity because the law regarding a prisoner's right to receive publications from non-approved vendors was not clearly established. *See Hope v. Pelzer*, 536 U.S. 730, 739 (2002) ("For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." (internal quotation marks omitted)); *see also Cato v. United States*, 70 F.3d 1103, 1106-07 (9th Cir. 1995) (dismissal without leave to amend is not an abuse of discretion where amendment would be futile).

Hudson's remaining contentions are unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Hudson's request for publication is denied.

**AFFIRMED.**